UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JURIJUS KADAMOVAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 2:09-cv-259-WTL-JMS |
| | ) | |
| HARRELL WATTS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry and Order Directing Dismissal of Action**

  A claim pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), is viable only if the misconduct alleged would constitute "a violation of the United States Constitution or a federal statute." *Goulding v. Feinglass,* 811 F.2d 1099, 1102 (7th Cir. 1987). A *Bivens* action brought by a prisoner, such as plaintiff Jurijus Kadamovas in this case, which fails to allege such a violation must be dismissed pursuant to 28 U.S.C. § 1915A(b). *Jones v. Bock,* 127 S. Ct. 910, 921 (2007)("[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief."). Having considered Kadamovas' complaint, that is the disposition required here. This conclusion is based on the following facts and circumstances:

  ! Kadamovas is an inmate at a federal prison located in this District. The first claim in his complaint is that the defendants have thwarted his efforts to utilize the exhaustion of administrative remedies offered by the Federal Bureau of Prisons. Although this is an important process for inmates and administrators alike, Circuit law "specifically denounc[es] a Fourteenth Amendment substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson,* 538 F.3d 763, 772 (7th Cir. 2008). Insofar as pertinent here, *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers . . . .", *King v. Federal Bureau of*

*Prisons,* 415 F.3d 634, 636 (7th Cir. 2005), and the Fifth Amendment supplies the guarantee of due process to a federal inmate. Because Kadamovas had no expectation of a particular outcome of his grievances, *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996) ("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause"), there is no viable claim which can be vindicated through a *Bivens* action based on the alleged mishandling of his administrative grievances.

! Kadamovas' second claim is that the same conduct attributed to the defendants--disrupting and mishandling his efforts to use the administrative remedy process--denied him access to the courts. For Kadamovas to proceed on this claim, he must allege that the defendants hindered his ability to pursue either a nonfrivolous challenge to his conviction or sentence, or an arguable civil rights claim. *Lewis v. Casey,* 518 U.S. 343, 352-54 & 353 n.3 (1996); *see also Christopher v. Harbury,* 536 U.S. 403, 414-15 (2002); *Lehn v. Holmes,* 364 F.3d 862, 868 (7th Cir. 2004). "[W]hen a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filing, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States,* 335 F.3d 652, 656 (7th Cir. 2003). No such allegation is made or suggested here, and the absence of an element leaves the claim without facial plausibility,[1] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009)("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."), and hence legally insufficient. *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007)(explaining that a complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)).

For the reasons explained above, even when liberally construed, the complaint fails to survive the screening required by § 1915A because it fails to contain a legally viable federal claim. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 11/30/2009

---

[1] Kadamovas' suggestion that the actions of the defendants will prevent him from complying with the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and has thereby denied him access to the courts is unfounded. *See, e.g., Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting"); *Lewis v. Washington,* 300 F.3d 829 (7th Cir. 2002) (we refuse to interpret the PLRA "so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances").